**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| LAYTON FIRENG,<br>    Plaintiff,<br><br>    v.<br><br>RADNOR TOWNSHIP,<br>    Defendant. | CIVIL ACTION<br>No. 2:17-cv-04903-AB |

**April 11, 2019**                                                                                          **Anita B. Brody, J.**

### EXPLANATION AND ORDER

Plaintiff Layton Fireng ("Fireng") owns a house in Radnor, Pennsylvania. In November 2015, Defendant Radnor Township ("Radnor") inspected, searched, and later condemned Fireng's house. Fireng now sues Radnor for damages and Radnor moves for summary judgment. I will grant Radnor's motion.

**I. Background**

Layton Fireng owns a house in Radnor Township, Pennsylvania. Pl.'s Br. at 1. Radnor received complaints about the conditions of Fireng's property. *Id.* at 2 (citing Deposition of Kevin Kochanski at 5). On November 2, 2015, Radnor's Superintendent of Police, William Colarulo ("Colarulo"), inspected the property. *Id.* at 3 (citing the Deposition of William Colarulo ("Colarulo Dep.") at 6). Colarulo knocked on the front door but there was no answer. *Id.* at 4 (citing Colarulo Dep. at 9). Colarulo proceeded to the backyard where he noticed a foul odor that he perceived to emanate from a dead body. *Id.* (citing Colarulo Dep. at 14). Colarulo then searched the house without a warrant. *Id.* He found decrepit conditions, hoards of munitions, and raw chemicals. Def.'s Stmt. Facts ¶¶ 9, 12, 14. Although there were no bodies, Colarulo continued the search without a warrant. *See* Pl.'s Br. at 4 (citing Colarulo Dep. at 28).

After a third party informed Fireng of the pending inspection, Fireng arrived at the house

1

to find police, a bomb squad, and a S.W.A.T. team.  *Id.*  Fireng, who was armed, was asked to and did surrender his firearms before sitting in the back of a police car.  *Id.* at 1-2.  Fireng stated that the odor on the property stemmed from thirty cats buried in the backyard.  Pl.'s Opp. at 2.

On November 4, 2015, Radnor personnel walked Fireng through the house and identified Radnor's basis for condemning the house.  Def. Stmt. Facts ¶ 42.  On November 5, 2015, Radnor provided Fireng with a notice of condemnation by: (1) posting on the property; (2) regular mail; (3) certified mail; and (4) email.  *See* Fireng Stmt. Facts at 3.  The notice stated: "You have the right to appeal this Notice to the Radnor Township Code Appeals Board.  YOU MUST FILE THIS APPEAL WITHIN TEN (10) DAYS OF THE DATE OF THE ISSUANCE OF THIS NOTICE."  *See* Compl. Ex. A at 2.  Fireng acknowledged receipt of the notice by email but did not appeal.  *See* Def. Stmt. Facts ¶ 66.

## II.  Legal Standard

Summary judgment "shall [be granted] if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  A fact is "material" if it "might affect the outcome of the suit under the governing law . . . ."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A factual dispute is "genuine" if the evidence would permit a reasonable jury to return a verdict for the nonmoving party.  *Id.*  In ruling on a motion for summary judgment, the court must draw all inferences from the facts in the light most favorable to the nonmoving party.  *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

After the moving party has met its initial burden of informing the district court of the basis for its motion, the nonmoving party must then "make a showing sufficient to establish the existence of [every] element essential to that party's case, and on which that party will bear the

2

burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). Both parties must support their factual positions by: "(A) citing to particular parts of materials in the record . . . ; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). In opposing a motion for summary judgment, the nonmoving party may not "rely merely upon bare assertions, conclusory allegations or suspicions." *Fireman's Ins. Co. of Newark, N.J. v. DuFresne*, 676 F.2d 965, 969 (3d Cir. 1982).

### III. Discussion

Fireng brings five causes of action against Radnor.[1] Because Fireng sues only Radnor Township, *Monell* and subsequent caselaw provide the rubric for analyzing his claims.[2] *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978); *see Mulholland v. Gov't Cty. of Berks, PA*, 706 F.3d 227, 237 (3d Cir. 2013). "Under *Monell,* a municipality cannot be subjected to liability solely because injuries were inflicted by its agents or employees." *Jiminez v. All Am. Rathskeller, Inc.*, 503 F.3d 247, 249 (3d Cir. 2007). Rather, "it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Id.* (quoting *Monell*, 436 U.S. at 694).

---

[1] I have jurisdiction under 28 U.S.C. § 1331.
[2] Although Fireng fails to cite 42 U.S.C. § 1983, the statutory provision which allows him to sue Radnor for damages stemming from Radnor's violation of his constitutional rights, until the last page of his opposition brief, I will nonetheless interpret Fireng's claims under 42 U.S.C. § 1983. *See* Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice.").

### A.  Fireng's Procedural Due Process Claim

Fireng contends that Radnor deprived him of the use of his property without due process, for which he seeks compensatory damages, punitive damages, interest, costs, and attorneys' fees.

To adjudicate a procedural due process claim, a Court must determine "whether the plaintiff asserts an interest protected by the Fourteenth Amendment." *Renchenski v. Williams*, 622 F.3d 315, 325 (3d Cir. 2010) (citing *Alvin v. Suzuki*, 227 F.3d 107, 116 (3d Cir. 2000)).  If this interest is asserted, "the next issue is whether the procedures provided to the plaintiff afforded that individual due process of law."  *Id.*  A plaintiff "must have taken advantage of the processes that are available to him or her, unless those processes are unavailable or patently inadequate."  *Holland v. Rosen*, 895 F.3d 272, 297 (3d Cir. 2018) (quoting *Alvin*, 227 F.3d at 116).  Radnor provided Fireng with a notice of condemnation that informed him of his right of appeal to the Code Appeals Board.  Because Fireng failed to utilize this adequate appeal mechanism, his procedural due process claim fails.  *See Holland*, 895 F.3d at 297.

### B.  Fireng's Substantive Due Process Claim

Fireng next maintains that Radnor's actions violated his constitutional due process rights because Radnor's actions amounted to "an unconstitutional application of regulations to [Fireng's] property" amounting to "arbitrary governmental conduct" that "[does] not advance legitimate government interests."  Compl. ¶¶ 44-47.  An individual's substantive due process rights protect the individual from "the exercise of power without any reasonable justification in the service of a legitimate governmental objective."  *Cty. of Sacramento v. Lewis*, 523 U.S. 833, 846 (1998) (quoting *Wolff v. McDonnell*, 418 U.S. 539, 558 (1974).  Even if government action meets this initial standard, the action violates substantive due process only if it also "shocks the conscience."  *See United Artists Theatre Circuit, Inc. v. Twp. of Warrington, PA*, 316 F.3d 392,

398–402 (3d Cir. 2003).  Fireng has not shown that any Radnor action was unjustified or shocked the conscience.  Instead, Radnor appropriately inspected Fireng's neglected property.  Radnor found ammunitions and chemicals, dozens of buried animal carcasses, and other decrepit conditions.  Radnor then appropriately condemned the property to prevent harm to residents and vulnerable neighbors.  Fireng's substantive due process claim fails.

### C.  Fireng's Takings Claim

Fireng next contends that Radnor took his property in violation of the Fifth Amendment.  Because Fireng has not identified or utilized Radnor's or Pennsylvania's procedures for obtaining compensation for taking his property, his takings claim fails.  "[B]ecause the Fifth Amendment proscribes takings *without just compensation,* no constitutional violation occurs until just compensation has been denied. . . .  [A] property owner [must] utilize procedures for obtaining compensation before bringing a § 1983 action."  *Williamson Cty. Reg'l Planning Comm'n v. Hamilton Bank of Johnson City*, 473 U.S. 172, 195 (1985) (emphasis in original).

### D.  Fireng's Search and Seizure Claim

Fireng also seeks to recover damages under *Monell* for Radnor's violation of Fireng's rights under the Fourth Amendment.  Fireng fails, however, to make any showing as to whether Radnor had a policy or custom of executing unconstitutional searches and seizures or any other basis for *Monell* liability.  Instead, Fireng "concedes that there is no evidence" that Radnor's actions were part of a "written policy" or "formal process always followed by [Radnor]."  Pl.'s Opp. at 21-22.  Therefore, Fireng's search and seizure claim fails.  *See Jiminez*, 503 F.3d at 249–50.

### E.  Fireng's False Imprisonment Claim

Finally, Fireng brings a claim for false imprisonment against Radnor under the United

States Constitution.  *See* Compl. ¶¶ 61-65.  As with the preceding claims, *Monell* and its progeny govern Fireng's constitutional false imprisonment claim against Radnor.  Fireng fails to show that the alleged constitutional violation he identifies—being placed in the back of a police car—was the result of a Radnor custom, policy, failure to train or any other basis for *Monell* liability.  Therefore, his false imprisonment claim fails.  *See Jiminez*, 503 F.3d at 249–50.

**IV. Conclusion**

I will grant Radnor's Motion for Summary Judgment on each of Fireng's claims.

**ORDER**

**AND NOW**, this __11th__ day of April, 2019, it is **ORDERED** that Defendant's Motion for Summary Judgment (ECF No. 18) is **GRANTED**.

s/Anita B. Brody

_____

ANITA B. BRODY, J.

Copies **VIA ECF** on 4/11/2019